**FARHANG & MEDCOFF**
ATTORNEYS

100 South Church Avenue, Suite 100
Tucson, Arizona 85701
T: 520.214.2000
F: 520.214.2001

Roscoe J. Mutz (#030696) (PAN 66604)
rmutz@farhangmedcoff.com

Tyler B. Bugden (#35166) (PAN 67458)
tbugden@farhangmedcoff.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derek Quen Wong, an individual;<br><br>Plaintiff,<br><br>v.<br><br>White Rock Phlebotomy, LLC, an Arizona limited liability company; and Caroline Anne Lebiecki, an individual;<br><br>Defendants. | Case No. 4:23-cv-00234-EJM<br><br>**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS** |

Plaintiff Derek Quen Wong ("Plaintiff" or "Mr. Wong") moves for default judgment pursuant to Federal Rule of Civil Procedure 55(b). Mr. Wong respectfully requests the entry of default judgment against Defendants White Rock Phlebotomy, LLC ("White Rock") and Caroline Anne Lebiecki ("Lebiecki"), a Member and Manager of White Rock. In support of this request, Plaintiff relies on the record in this case, the affidavit submitted as **Exhibit A**, and the attachments thereto.

**I.   BACKGROUND**

Mr. Wong filed his Complaint against Defendants on May 23, 2023, for their failure to pay wages for work he performed as a full-time W2 employee from December 2022 through February 2023, and for their failure to honor their contractual obligations. (Doc. 1). Due to these failures, Mr. Wong sued Defendants for violating the Fair Labor Standards Act, 29 U.S.C. § 206 *et seq.* ("FLSA"), the Arizona Minimum Wage Act,

A.R.S. § 23-363 *et seq.* ("AMWA"), the Arizona Wage Act, A.R.S. § 23-352 *et seq.* ("AWA"), and for breaching their employment agreements with Wong. *See id.* at ¶¶ 63-106.  Mr. Wong sought the payment of unpaid wages, compensatory damages, liquidated damages, treble damages, pre- and post-judgment interest, and reasonable attorneys' fees. (Doc. 1).

Plaintiff served Defendants White Rock and Lebiecki on June 5, 2023. (*See* Docs. 5, 6). Defendants' responsive pleading was due on or before June 26, 2023, but they failed to plead or otherwise defend.  *See* Fed. R. Civ. P. 12(a)(1)(A). Mr. Wong applied for the entry of default on July 12, 2023. (Doc. 10). On July 18, 2023, the Clerk of Court entered default against Defendants White Rock and Lebiecki pursuant to Rule 55(a). (Doc. 11).

Mr. Wong now seeks default judgment against Defendants White Rock and Lebiecki in the amount of $118,973.58.  *See generally* Ex. A.

## II.   DISCUSSION

Default judgment is appropriate because: (A) this Court has jurisdiction, (B) the *Eitel*[1] factors weigh in favor of judgment, and (C) Mr. Wong established his damages through the declaration and exhibits filed contemporaneously herewith.

### A.   Jurisdiction and Venue

This Court has federal question jurisdiction over Mr. Wong's FLSA claim and supplemental jurisdiction over the AMWA claim, the AWA claim, and the contract claims because they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1367. Indeed, this Court consistently concludes it has jurisdiction over cases advancing nearly identical claims. *See, e.g.*, *Aguirre v. Custom Image Pros LLC*, No. CV-23-00334-PHX-MTL, 2023 WL 4237329, at *2 (D. Ariz. June 28, 2023) (finding jurisdiction over FLSA, AMWA, and AWA claims); *Million v. Pindernation Holdings LLC*, No. CV-23-00072-PHX-MTL,

---

[1] *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

2

2023 WL 2813684, at *2 (D. Ariz. Apr. 6, 2023) (same); *Davis v. Shri Hari Hotels LLC*, No. CV-22-00756-PHX-SPL, 2022 WL 3139861, at *1-2 (D. Ariz. Aug. 5, 2022) (same).[2]

Venue is proper and this Court has personal jurisdiction over Defendants because White Rock's principal place of business lies withing this judicial district, White Rock conducts business within this judicial district, Lebiecki resides in this judicial district, and all the events and/or omissions giving rise to Mr. Wong's claims occurred within this judicial district. (*See* Doc. 1 at ¶¶ 15-17; *see also* 28 U.S.C. § 1391(b)(1)-(2)). Moreover, Plaintiff property served Defendants. (Docs. 6-7). Accordingly, venue is proper and all jurisdictional requirements are met. *See Aguirre*, 2023 WL 4237329, at *2; *Million*, 2023 WL 2813684, at *2; *Davis*, 2022 WL 3139861, at *1-2.

**B.     The *Eitel* Factors Weigh in Favor of Default Judgment**

"After entry of a default, a court may grant a default judgment on the merits of the case." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006) (citing Fed. R. Civ. P. 55). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Courts in this Circuit evaluate whether to enter a default judgment by applying the seven *Eitel* factors:

> "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

---

[2] Unless otherwise indicated, in quoting cases, all alterations, internal quotation marks, emphases, footnotes, and citations are omitted. *See, e.g.*, *Sczepanski v. Saul*, 946 F.3d 152, 157 n.4 (2d Cir. 2020).

In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

    i.    <u>*Factors 1, 5, 6, and 7: Defendants' Silence is Determinative.*</u>

"In cases like this one, in which Defendants have not participated in the litigation at all, the first, fifth, sixth, and seventh factors are easily addressed." *Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3-4 (D. Ariz. Mar. 27, 2020); *see also Aguirre*, 2023 WL 4237329, at *2; *Million*, 2023 WL 2813684, at *2.

"The first factor weighs in favor of default judgment because denying [Mr. Wong's] Motion will leave him without other recourse for recovery." *Aguirre*, 2023 WL 4237329, at *3; *see also Million*, 2023 WL 2813684, at *3. Stated differently, "[p]rejudice would exist if [Mr. Wong's] Motion were denied because he would lose the right to a judicial resolution of his claims." *Aguirre*, 2023 WL 4237329, at *3; *see also Twentieth Century Fox Film Corp.*, 438 F. Supp. 2d at 1070. The first *Eitel* factor accordingly weighs in favor of default judgment.

"Next, the fifth factor weighs in favor of default judgment because the well-pleaded factual allegations in the Complaint are taken as true, and there is no genuine dispute of material facts that would preclude granting the Motion." *Aguirre*, 2023 WL 4237329, at *3; *see also Million*, 2023 WL 2813684, at *3; *Twentieth Century Fox Film Corp.*, 438 F. Supp. 2d at 1071. For this additional reason, default judgment is appropriate.

"Similarly, because Defendants were properly served (Docs. [6-7]) and it is unlikely that their failure to answer was due to excusable neglect, the sixth factor tips in favor of entering default judgment." *Aguirre*, 2023 WL 4237329, at *3; *see also Million*, 2023 WL 2813684, at *3; *Twentieth Century Fox Film Corp.*, 438 F. Supp. 2d at 1071-72.

As for the seventh factor, Defendants' "failure to answer the Complaint makes a decision on the merits impractical, if not impossible." *Twentieth Century Fox Film Corp.*, 438 F. Supp. 2d at 1072; *see also Frenchans LLC v. Vestige LLC*, No. CV-22-00241-PHX-JZB, 2023 WL 3951172, at *6 (D. Ariz. Apr. 17, 2023), *report and recommendation adopted*, 2023 WL 3950140 (D. Ariz. May 5, 2023). Moreover, "the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh *Eitel* factor is not alone dispositive." *Twentieth Century Fox Film Corp.*, 438 F. Supp. 2d at 1072; *see also Aguirre*, 2023 WL 4237329, at *3; *Million*, 2023 WL 2813684, at *3. The seventh *Eitel* factor accordingly does not weigh against default judgment, especially where Defendants had multiple opportunities to respond to the Complaint and/or Request for Entry of Default yet failed or refused to do so. *See Twentieth Century Fox Film Corp.*, 438 F. Supp. 2d at 1072.

    ii.  <u>Factors 2 and 3: Mr. Wong Stated a Claim.</u>

"The second and third *Eitel* factors—the merits of the claim and the sufficiency of the complaint—are often analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Aguirre*, 2023 WL 4237329, at *3; *Million*, 2023 WL 2813684, at *3. Because Mr. Wong adequately stated and supported each of his claims, these factors weigh in favor of default judgment. *See, e.g.*, *Aguirre*, 2023 WL 4237329 (concluding the second and third *Eitel* factors weighed in favor of default judgment because plaintiff adequately stated claims under the FLSA, the AMWA, and the AWA), at *3; *Million*, 2023 WL 2813684, at *3 (same).

For example, Mr. Wong adequately stated claims under the FLSA, the AMWA, and the AWA. (*See* Doc. 1 at ¶¶ 1-86.). Mr. Wong pled facts indicating he was an "employee" as that term is defined under 29 U.S.C. § 203(e) (FLSA), A.R.S. § 23-362(A) (AMWA), and A.R.S. § 23-350(2) (AMA). *See id.* at ¶¶ 2, 6, 18, 28-33, 45-48, 65-67. He pled facts indicating Defendants were his

"employers" as that term is defined under 29 U.S.C. § 203(d) (FLSA), A.R.S. § 23-362(B) (AMWA), and A.R.S. § 23-350(3) (AWA). *See id.* at ¶¶ 7-9, 19, 29-33, 40-42, 45-48. Mr. Wong also pled facts indicating Defendants directed and exercised control over his work and wages at all relevant times, and that they failed to pay him *anything* for work he performed as a full-time employee from December 2022 through February 2023. *See id.* at ¶¶ 2-3, 6-9, 24, 29-51. These allegations sufficiently state claims under the FLSA, the AMWA, and the AWA. *See* 29 U.S.C. § 206(a); A.R.S. § 23-363; A.R.S. § 23-352; *see, e.g.*, *Aguirre*, 2023 WL 4237329, at *4-5; *Million*, 2023 WL 2813684, at *3-4. The third and fourth *Eitel* factors, therefore, favor default judgment on the FLSA, the AMWA, and the AWA claims. *See, e.g.*, *Aguirre*, 2023 WL 4237329, at *4-5; *Million*, 2023 WL 2813684, at *3-4.

Mr. Wong also stated a claim for breach of contract and breach of the covenant of good faith and fair dealing. (*See* Doc. 1 at ¶¶ 1-62, 87-106). He alleged the existence of a contract, the breach of key contractual terms, and damages. *See id.*; *see generally Graham v. Asbury*, 112 Ariz. 184, 185 (1975) ("To bring an action for the breach of the contract, the plaintiff has the burden of proving the existence of the contract, its breach and the resulting damages."). The third and fourth *Eitel* factors, therefore, favor default judgment on the breach of contract claims. *See, e.g.*, *Frenchans LLC*, 2023 WL 3951172, at *4, 6 (D. Ariz. Apr. 17, 2023) (concluding the third and fourth factors weighed in favor of default where plaintiff adequately pled a breach of contract).

### iii.    Factor 4: Statutory Damages are Reasonable.

Here, Mr. Wong seeks the unpaid minimum wages he is owed under the FLSA and the AMWA, the wages, commission, and reimbursement compensation he is owed under the AWA and the employment agreements, and pre- and post-judgment interest he is owed under 28 U.S.C. § 1961 and A.R.S. § 12-1201. (*See*

*generally* Doc. 1). Mr. Wong's request for compensation he is entitled to under federal and state statutes is reasonable because lawmakers said so when they codified the FLSA, the AMWA, and the AWA. Similarly, Mr. Wong's request for compensation, commission, and reimbursement under the employment agreements is reasonable because Defendants agreed to make those payments.

Mr. Wong is owed federal minimum wages of $3,712.00 under the FLSA. *See* Ex. A at ¶ 13. He accordingly seeks double damages in the amount of $7,424.00, plus interest. *See* 29 U.S.C. § 216(b) (providing for double damages); 29 U.S.C. 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

Similarly, Mr. Wong is owed state minimum wages of $6,906.40 under the AMWA. *See* Ex. A at ¶ 20. He accordingly seeks treble damages in the amount of $20,719.20, plus interest. *See* A.R.S. § 23-364(G) (providing for "the balance of wages . . . and an additional amount equal to twice the underpaid wages"); A.R.S. § 12-1201(A)(2) ("For any loan, indebtedness or obligation other than medical debt, interest shall be at the rate of ten per cent per annum").

Most importantly, Defendants owe Mr. Wong $31,249.98 for their failure to pay him his contractually promised wages for six pay periods, pursuant to the AWA. *See* Ex. A at ¶ 22. Mr. Wong accordingly seeks treble damages in the amount of $93,749.94, plus interest. *See* A.R.S. § 23-335(A) (providing "the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages."); A.R.S. § 12-1201(A)(2). Because Mr. Wong's AWA claim engulfs his FLSA and AMWA claims, he seeks a total of $93,749.94, plus interest for Defendants' statutory wage violations. *See Acosta v. Pindernation Holdings LLC*, No. CV-23-0086-PHX-JFM, 2023 WL 3951222, at *5 (D. Ariz. Mar. 1, 2023), *report and recommendation adopted*, 2023 WL 3951211 (D. Ariz. Mar. 23, 2023) (precluding plaintiff from stacking the

FLSA, AMWA, and AWA awards); *accord Stamper v. Freebird Logistics Inc.*, No. CV-22-00155-PHX-MTL, 2022 WL 2316317, at *6 (D. Ariz. June 28, 2022) (awarding damages owed under "the AWA's higher treble-damages penalty" where defendant violated the FLSA, the AMWA, and the AWA). With the 10% pre-judgment interest provided for under A.R.S. § 12-1201(A)(2), which amounts to $3,515.62 (10% * $93,749.94 = $9,374.99 divided by 12 = $781.24 per month * 4.5 months[3] = $3,515.62), Mr. Wong seeks a total of $97,265.56 for his AWA claim.

Mr. Wong also seeks the commission and reimbursement Defendants expressly agreed to under the employment agreements. They failed to compensate Mr. Wong for the $923.40 in covered reimbursement expenses, and they failed to pay him the $20,000.00 commission he earned. *See* Ex. A at ¶¶ 24-34. With the 10% pre-judgment interest provided for under A.R.S. § 12-1201(A)(2), which amounts to $784.62 (10% * $20,923.40 = $2,092.34 divided by 12 = $174.36 per month * 4.5 months = $784.62), Mr. Wong seeks a total of $21,708.02 for his breach of contract claims.

The fourth *Eitel* factor also weighs in favor of default judgment because it is reasonable to enforce contractual guarantees, and the United States Congress and the Arizona Legislature expressly provided for Mr. Wong's statutory damages when it codified the FLSA, the AMWA, and the AWA. *Accord Aguirre*, 2023 WL 4237329, at *5; *Million*, 2023 WL 2813684, at *4.  Mr. Wong's request for $118,973.58 is accordingly reasonable.

//

//

---

[3] For the sake of simplicity, Mr. Wong calculates this interest based on the total amount owed after the six pay periods, rather than the staggered combination of amounts owed after each pay period. *See generally Thompson v. StreetSmarts, Inc.*, No. CV-10-1885-PHX-LOA, 2011 WL 2600744, at *21 (D. Ariz. June 30, 2011), *report and recommendation adopted*, 2011 WL 13416556 (D. Ariz. Aug. 10, 2011).

### C. Mr. Wong Proved Damages

"While a plaintiff must prove damages when seeking a default judgment, this evidentiary burden is relatively lenient." *Aguirre*, 2023 WL 4237329, at *2; *see also HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 947-48 (D. Ariz. 2013). "In determining damages, the Court may properly rely on declarations submitted by the Plaintiff." *Aguirre*, 2023 WL 4237329, at *2; *see also HTS, Inc.*, 954 F. Supp. 2d at 948. Courts consistently conclude plaintiffs' declarations prove damages in similar wage-claim cases, and that "the requested damages are capable of mathematical calculation as they are comprised of hours worked by [the plaintiff], the amount in pay he was entitled to receive, and statutory multipliers." *Million*, 2023 WL 2813684, at *5; *see, e.g.*, *Aguirre*, 2023 WL 4237329, at *6 (concluding plaintiff's declaration proved damages, which were readily calculable); *Coe v. Hirsh, et al.*, No. CV-21-00478-PHX-SMM-MTM, 2021 WL 5634798, at *3–4 (D. Ariz. Dec. 1, 2021) (same).

The same conclusion should follow here. Mr. Wong's declaration, attached and filed contemporaneously herewith, sets forth the hours he worked, the amount of pay he was entitled to, and documentary evidence in support of the same. *See generally* Ex. A. Mr. Wong's declaration also sets forth the commission he earned, the reimbursement he was owed under the terms of the employment agreements, and documentary evidence to support the same. *See id.* Because Defendants failed to engage with or respond to Mr. Wong's Complaint, Mr. Wong will not have the opportunity to conduct discovery to definitively calculate the commission he is owed. Mr. Wong's $20,000.00 estimate is nonetheless made in good faith and is based on his own knowledge of Defendants' business and assessment of the revenue generated by the business he recruited for Defendants.

### D. Mr. Wong is Entitled to Recover Attorneys' Fees and Costs

Upon entry of default judgment in favor of Mr. Wong, he will be the prevailing party, and will be entitled to recover his attorneys' fees and costs pursuant to 29 U.S.C.

§ 216(b), A.R.S. § 23-364, A.R.S. § 12-341, and A.R.S. § 12-341(A). *See Gary v. Carbon Cycle Arizona LLC*, 398 F. Supp. 3d 468, 478 (D. Ariz. 2019) (explaining "the award of an attorney's fee is mandatory if a plaintiff prevails in the FLSA action."); *see, e.g.*, *Aguirre*, 2023 WL 4237329, at *6 n.4 ("Following this award of default judgment, the Court will allow Plaintiff to move for reasonable attorneys' fees pursuant to Local Rule of Civil Procedure 54.2."). Mr. Wong accordingly reserves the right to apply for attorneys' fees pursuant to LRCiv. 54.2.

## III. CONCLUSION

Mr. Wong respectfully moves this Court for entry of default judgment against Defendants in the amount of $118,973.58. Defendants failed to pay Mr. Wong what he was owed under the terms of the employment agreements, they failed to respond to his requests for payment, and they failed to respond to the Complaint and Request for Entry of Default. Mr. Wong is left with no adequate remedy but the entry of default judgment against Defendants. Because the *Eitel* factors weigh in favor of default, and Mr. Wong carried his lenient burden of proving damages, this Court should enter default judgment against Defendants in the amount of $118,973.58.

RESPECTFULLY SUBMITTED this 25th day of July 2023.

**FARHANG & MEDCOFF**

By /s/ *Tyler B. Bugden*
    Roscoe J. Mutz
    Tyler B. Bugden

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July, 2023, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal. A copy of the foregoing was also sent via First Class Mail to the following:

Caroline Anne Lebiecki
3682 E Whitehall Dr.
San Tan Valley, AZ 85140

White Rock Phlebotomy, LLC
3682 E Whitehall Dr.
San Tan Valley, AZ 85140

*Defendants Caroline Anne Lebiecki and White Rock Phlebotomy, LLC*

/s/ Alexis Walker