**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derek Quen Wong, an individual,<br><br>           Plaintiff,<br><br>v.<br><br>White Rock Phlebotomy, LLC, an Arizona limited liability company; and Caroline Anne Lebiecki, an individual,<br><br>           Defendants. | No. CV-23-00234-TUC-EJM<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Plaintiff Derek Quen Wong's Motion for Attorneys['] Fees and Costs (Doc. 16). When a United States Magistrate Judge has the consent of only one of the Parties, General Order 21-25 directs this Court to prepare a Report and Recommendation to the appropriate designee in either Tucson or Phoenix/Prescott. Accordingly, the Court directs this Report and Recommendation to the Honorable Raner C. Collins. The Magistrate Judge recommends granting Plaintiff's motion in part and denying it in part.

**I.      BACKGROUND**

On May 23, 2023, Plaintiff filed his Complaint (Doc. 1) alleging, *inter alia*, violations of the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and Arizona Wage Act ("AWA"). Defendants were properly served, but failed to answer or otherwise participate in this cause of action. On February 13, 2024,

the undersigned issued a Report and Recommendation (Doc. 13) recommending that the District Judge grant default judgment to Plaintiff and allow Plaintiff's counsel to file a motion for attorneys' fees. On March 1, 2024, the Honorable Raner C. Collins entered his Order (Doc. 14) adopting the Report and Recommendation and entering Default Judgment (Doc. 15). Plaintiff timely filed the motion for attorneys' fees (Doc. 16) which is currently before the Court.

## II.   ANALYSIS

Plaintiff seeks attorneys' fees and costs in the amount of $22,339.54. Mot. for Attys.' Fees and Costs (Doc. 16) at 1. His attorneys' fees request is broken down as follows:

| | |
|---|---|
| Roscoe J. Mutz: | $6,561.00 |
| Tyler B. Bugden: | $14,805.00 |
| Katie Brown: | $45.00 |
| Leticia Wright: | $228.00 |

All professionals work at the firm of Farhang & Medcoff. *See id.* Mr. Mutz is a Partner who bills at a rate of $405.00 per hour, Mr. Bugden is an Associate who bills at $350.00 per hour, Ms. Brown is a first-year attorney who bills at $225.00 per hour, and Ms. Wright is a paralegal who bills at $120.00 per hour. *Id.* at 3. Mr. Mutz claims 16.2 billed hours, Mr. Bugden claims 42.3 billed hours, Ms. Brown claims 0.2 billed hours, and Ms. Wright claims 1.9 billed hours. *Id.*

Plaintiff has also included a Bill of Costs seeking taxable costs in the amount of $700.54. Mot. for Attys.' Fees and Costs (Doc. 16), Bill of Costs (Exh. "G"). Plaintiff's costs include the $402.00 filing fee, as well as $298.54 in fees for service of the summons and subpoena. *See id.*

### A.   *Entitlement to Attorneys' Fees and Costs*

The Fair Labor Standards Act ("FLSA") directs that "in addition to any judgment awarded to the plaintiff or plaintiffs," the Court shall "allow a reasonable attorney's fee

to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The fee award to prevailing plaintiffs under the FLSA is mandatory. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 n.1 (referencing the FLSA along with other statutes that require fee awards for a prevailing plaintiff); *see also Houser v. Matson*, 447 F.2d 860, 863 (9th Cir. 1971) (noting mandatory fee award). "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (quotation marks and citation omitted); *see also Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 475 (D. Ariz. 2019) (quoting *Hensley*).

Here, Plaintiff obtained default judgment against all Defendants. Defendants failed to answer or otherwise respond to the allegations in Plaintiff's Complaint, and as such were deemed to have admitted the truth of those statements. *See* R & R (Doc. 13) at 7. Accordingly, the Court finds that Plaintiff was a prevailing party and entitled to an award of attorneys' fees as required by the FLSA; however, the Court's analysis does not end here. *See Houser*, 447 F.2d at 863 ("[t]he award of an attorney's fee is mandatory, even though the amount of the award is within the discretion of the court.").

### B. Legal Standard

"The 'case law construing what is a reasonable fee applies uniformly' to all federal fee-shifting statutes." *Haworth v. State of Nev.*, 56 F.3d 1048, 1051 (9th Cir. 1995) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). A "court's 'central' responsibility [is] to 'make the assessment of what [] a reasonable fee [is] under the circumstances of the case.'" *Farrar v. Hobby*, 506 U.S. 103, 115 (1992) (quoting *Blanchard v. Bergeron*, 489 U.S. 87 (1989)). After analyzing the circumstances, a court may award a full fee, a reduced fee, or no fee at all. *Id.* "A prevailing plaintiff 'should ordinarily recover an attorney's fee unless circumstances would render such an award unjust.'" *Hensley v. Eckerhart*, 461 U.S., 424, 429 (1983) (citations omitted). "The amount of the fee, of course, must be determined on the facts of each case." *Id.*

With these instructions in mind, the "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The Ninth Circuit uses the two-step "lodestar method" for the calculation of attorneys' fees. *Edmo v. Corizon*, Inc. 97 F.4th 1165, 1168 (9th Cir. 2024) (citing *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013)). A "reasonable hourly rate" is one "based on evidence of the market rate for the services provided." *Id*. A Plaintiff seeking attorneys' fees "has the burden to prove that the rate charged is in line with the 'prevailing market rate of the relevant community.'" *Carson v. Billings Police Dept.*, 470 F.3d 889, 891 (9th Cir. 2006). "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 524 F.3d 1106, 1111 (9th Cir. 2008). This lodestar is treated as a presumptively reasonable award. *Edmo*, 97 F.4th at 1168. In step two, however, courts may adjust the fee award upward or downward after consideration of the *Kerr* factors.[1] *Moreno*, 524 F.3d at 1111. Plaintiff bears the burden to "submit evidence supporting the hours worked and rates claimed[,] [and] [w]here the documentation of hours is inadequate the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. Additionally, a Plaintiff seeking attorneys' fees must also comply with Rule 54, Federal Rules of Civil Procedure, and Rule 54.2 of the Local Rules of Civil

---

[1] The *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Edmo*, 97 F.4th at 1168 (quoting *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

Procedure.[2]

### C. *Reasonable Fee*

Plaintiff seeks $22,339.54 in attorneys' fees for Mr. Mutz, a Partner; Mr. Bugden, an Associate; Ms. Brown, a first-year attorney; and Ms. Wright, a paralegal, at the law firm Farhang & Medcoff. *See* Mot. for Attys.' Fees and Costs (Doc. 16). Mr. Bugden has submitted an affidavit and billing records reflecting the time he billed, as well as that of Mr. Mutz, Ms. Brown, and Ms. Wright. Mr. Bugden seeks an hourly rate of $350.00 per hour for himself, $405.00 per hour for his senior partner, $225.00 per hour for a first-year attorney, and $120.00 per hour for their paralegal. *Id.* at 3. Mr. Bugden has been an attorney since 2018 and is licensed in several jurisdictions including Arizona, New York, and Utah.[3] Mot. for Attys.' Fees and Costs (Doc. 16), Bugden Decl. (Exh. "D") (Doc. 16-1) at ¶¶ 1. He has experience both as an attorney in private, civil litigation, and as a federal law clerk. *Id.* Mr. Mutz is described as having been in practice since 2008, with more than fifteen (15) years of experience in Arizona. *Id.* at ¶ 8. Mr. Bugden noted that Mr. Mutz's typical hourly rate ranges from $425 to $500 per hour, but is seeking a reduced rate in this case. *Id.* at ¶ 9. In support of these rates, Plaintiff has submitted an affidavit from Mr. Thom K. Cope, a Tucson attorney, opining that Mr. Mutz's $405.00 per hour rate is reasonable. *See* Mot. for Attys.' Fees and Costs (Doc. 16), Cope Decl. (Exh. "F") (Doc. 16-1). Plaintiff has also submitted an Order from the Hon. Susan R. Bolton finding Mr. Bugden's rate of $350.00 per hour reasonable. *Getzen v. County of Yavapai*, No. CV-18-08093-PCT-SRB, Order (D. Ariz. June 22, 2023).

"Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citations omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (specifying that the forum district is the appropriate

---

[2] The Rules of Practice and Procedure of the U.S. District Court for the District of Arizona are referred to as the "Local Rules" and cited as "LRCiv."

[3] Mr. Bugden holds active licenses in these states. Additionally, he is licensed, but inactive, in Colorado, Idaho, and Wyoming.

- 5 -

community). Because the District of Arizona is a singular district, it encompasses both Tucson and Phoenix. The relevant community, then, is Arizona. *See Ramos v. Probuilds, LLC*, No. CV-23-01111-PHX-SMM (DMF), 2024 WL 1078078, at *6 (D. Ariz. Feb. 26, 2024), *report and recommendation adopted by* 2024 WL 1071204 (D. Ariz. Mar. 12, 2024). A review of recent FLSA cases in this district, where fees have been awarded upon entry of default, the hourly rates fall in the range of $350.00 per hour to $450.00 per hour. *See Ubinger v. Urban Housekeeping LLC*, No. CV-23-01802-PHX-ROS, 2024 WL 3045303, at *2 (D. Ariz. June 18, 2024) (reviewing other cases where fees were awarded to plaintiff's counsel and finding $445 an appropriate hourly rate); *Rodriguez v. D'Auto Boys LLC, et al.*, No. CV-22-01420-PHX-SMM (JZB), 2024 WL 1861247, at *2 (D. Ariz. Apr. 5, 2024), *report and recommendation adopted by* 2024 WL 1856557 (D. Ariz. Apr. 29, 2024) (reviewing cases and awarding a rate of $395.00 per hour based upon the weight of authority in this district); *Xalamihua v. GGC Legacy Janitorial Svcs. LLC*, No. CV-23-00009-TUC-BGM, 2024 WL 942101, at *3 (D. Ariz. Mar. 5, 2024) (awarding a $395.00 hourly rate based upon the rate awarded to the same attorney in two recent prior cases); *Jimenez v. Terrific Tree Trimmer, LLC*, No. CV-22-01787-PHX-SPL, 2023 WL 4452077, at *2 (D. Ariz. July 11, 2023) (reviewing other cases where fees were awarded to plaintiff's counsel and finding $350.00 an appropriate hourly rate); *Vazquez v. Johnson*, No. CV-22-01720-PHX-MTL, 2023 WL 4205126, at *2 (D. Ariz. June 27, 2023) (awarding counsel $378.75 per hour based on the rate awarded to the attorney in other cases in this District); *Stamper v. Freebird Logistics Inc.*, No. CV-22-00155-PHX-MTL, 2022 WL 4448457, at *2 (D. Ariz. Sept. 23, 2022) (finding $350.00 per hour reasonable); *Verduzco v. Value Dental Ctrs. Mesa West AZ LLC*, No. CV-20-02380-PHX-DJH, 2022 WL 2718163, at *2 (D. Ariz. July 12, 2022) (finding $350.00 per hour a reasonable rate); *Coe v. Hirsch*, No. CV-21-00478-PHX-SMM (MTM), 2022 WL 508841, at *1 (D. Ariz. Jan. 21, 2022) (finding $378.75 per hour a reasonable rate); *Castro v. C & C Verde LLC*, No. CV-18-04715-PHX-JZB, 2019 WL 13244383, at *2 (D. Ariz. Oct. 9, 2019) (finding "$350.00 per hour [ ] reasonable in the

state of Arizona for FLSA work."); *see also Southwest Fair Housing Council v. WG Chandler Villas SH LLC*, No. CV-19-00178-TUC-RM, 2023 WL 4421579 (D. Ariz. July 10, 2023) (awarding lead attorney's fees at $350.00 per hour and paralegal fees at $125.00 under the Fair Housing Act, Americans with Disabilities Act, and Arizona Fair Housing Act); *Southwest Fair Housing Council v. WG Scottsdale, LLC*, No. CV-19-00180-TUC-RM, 2022 WL 16715613, at *5 (D. Ariz. Nov. 4, 2022) (awarding lead attorney's fees at $350.00 per hour and paralegal fees at $125.00 under the Fair Housing Act, Americans with Disabilities Act, and Arizona Fair Housing Act). In light of this authority, the Court finds that for Mr. Bugden, $350.00 per hour is a reasonable hourly rate. The Court further finds that a rate of $405.00 per hour is reasonable for Mr. Mutz, $225.00 per hour is reasonable for Ms. Brown, and $120.00 per hour is reasonable for Ms. Wright.

### D.     Reasonable Hours

Having established a reasonable rate, the Court turns to consideration of whether the hours expended by Plaintiff's counsel was reasonable. As noted, *supra*, it is Plaintiff's burden to "submit evidence supporting the hours worked and rates claimed[,] [and] [w]here the documentation of hours is inadequate the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). "In the private sector, 'billing judgment' is an important component in fee setting[,] [i]t is no less important here." *Hensley*, 461 U.S. at 434.

Mr. Bugden has provided the Court with billing records reflecting the time he, Mr. Mutz, Ms. Brown, and Ms. Wright expended in litigating this matter. Mot. for Attys.' Fees and Costs (Doc. 16), Exh. "C" (Doc. 16-1). As will be discussed below, the total fees sought vastly exceed the normal fee award in this district for an FLSA case disposed of by default judgment. Therefore, the Court has closely scrutinized Farhang &

Medcoff's billing records.

### 1. Learning on the Job

Mr. Bugden spent 5.9 hours researching the FLSA and Arizona wage statutes. Mot. for Attys.' Fees and Costs (Doc. 16), Exh. "C" (Doc. 16-1) (May 10 and 12, 2023 entries). Mr. Bugden also spent 0.7 hours "research[ing] successful applications for entry of default and associated affidavits"; 1.1 hours "research[ing] and analyz[ing] procedure and case law on moving for default judgment"; and 2.2 hours "continu[ing] to research case law on motions for default judgment with a specific focus on decisions concerning FLSA, AWA, and AMWA claims." *Id.*, Exh. "C" (July 12, 19, and 20, 2023 entries). The Court finds this time excessive and unreasonable.

"Learning on the job" is not properly billed to the client. *See Puig-Perez v. Bidema*, No. 3:19-cv-00197-JR, 2020 WL 2616511, at *3 (D. Ore. May 22, 2020) (reducing associate's fee award for "learning on the job."). The Court surmises that the initial 5.9 hours were for Mr. Bugden to learn the basics of litigating a wage claim. This is evidenced by Mr. Mutz's billing 2.3 hours on May 17, 2023 for "[l]egal research regarding available claims" while reviewing and revising the Complaint Mr. Bugden had drafted. *See* Mot. for Attys.' Fees and Costs (Doc. 16), Exh. "C." Mr. Bugden's time spent to learn the fundamentals is not a burden that should be borne by the client. *See Estate of Casillas v. City of Fresno*, No. 1:16-CV-01042-AWI-SAB, 2020 WL 869117, at *12–13 (E.D. Cal. Feb. 21, 2020) (reducing fees because the time spent learning how to handle the type of case was excessive for "what a private client would expect from an attorney with . . . [the attested to] level of expertise"); *In re Ekstrom*, No. 2-08-07750-SSC, 2009 WL 1324954, at *3 (D. Ariz. May 13, 2009) (reducing fees for time spent learning "how-to"); *see also In re Spanjer Bros., Inc.*, 191 B.R. 738, 752 (N.D. Ill. 1996) (reducing fees for researching basic bankruptcy concepts); *In re Sirefco, Inc.*, 144 B.R. 495, 498 (D. Mont. 1992) (reducing fees for legal research that benefited attorney's knowledge base, as well as the client).

Similarly, the Court finds Mr. Bugden's 4.0 hours in July excessive because it

reflects time spent learning the basics of how to file an application for an entry of default and moving for default judgment. Mr. Mutz again oversaw Mr. Bugden's work, billing for reviewing and revising the application, as well as explaining necessary corrections. *See* Mot. for Attys' Fees and Costs (Doc. 16), Exh. "C" (RJM July 12, 2023 entry). Accordingly, the Court will disallow the 9.9 hours Mr. Bugden spent learning the fundamentals.

### 2. Clerical Tasks

In districts, such as this one, skilled paralegal work may be billed the market rates. *See Missouri v. Jenkins*, 491 U.S. 274, 288 (1989). "[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, [however,] regardless of who performs them." *Id.* at 288 n.10. "It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available[,] [s]uch non-legal work may command a lesser rate[,] [but] [i]ts dollar value is not enhanced just because a lawyer does it." *Id.* (quoting *Johnson v. Georgia Highway Express, Inc.*, 4488 F.2d 714, 717 (5th Cir. 1974)).

On May 23, 2023, Mr. Mutz billed 0.3 hours for drafting and revising the Civil Cover Sheet. Mot. for Attys.' Fees and Costs (Doc. 16), Exh. "C." The Civil Cover Sheet is a form that includes the parties' names and residences, the attorneys' names, and the basis for this Court's jurisdiction, including the names of any statutes. *See* Civil Cover Sheet (Doc. 1-1). Completing this form is a clerical task which should not have been billed to the client. Accordingly, the Court will strike this entry.

On May 30, 2023, Mr. Mutz billed 0.2 hours for "communications with process server regarding service issues on Defendants." Mot. for Attys.' Fees and Costs (Doc. 16), Exh. "C." The Court finds this was an administrative task that should not have been billed to the client. *See Jimenez v. Terrific Tree Trimmer, LLC*, No. CV-22-01787-PHX-SPL, 2023 WL 4452077, at *2 (D. Ariz. July 11, 2023). On the same date, Mr. Mutz performed "online research to locate alternative addresses for Defendants[,]" and billed

0.4 hours. Mot. for Attys.' Fees and Costs (Doc. 16), Exh. "C." The Court finds that this is also an administrative task which could have been performed by an assistant. Accordingly, the Court will strike 0.6 hours for these entries.

On July 12, 2023, Mr. Mutz billed 0.4 hours for reviewing and revising the Entry of Default, as well as arranging for filing. Mot. for Attys.' Fees and Costs (Doc. 16), Exh. "C." Arranging for the filing of the application for entry of default is an administrative task which should not have been billed to the client. As such, the Court will decrease the entry by 0.2 hours.

Finally, on March 6, 2024, Ms. Wright billed 0.3 hours for "compil[ing] exhibits for bill of costs into a single pdf." Mot. for Attys.' Fees and Costs (Doc. 16), Exh. "C." The Court finds that this was a clerical task which was improperly billed to the client. Accordingly, the Court will strike this entry.

### 3. Duplicate Work and Overstaffing

"It is not 'necessarily unreasonable' for multiple timekeepers to request fees for the same task, but fee requests must not be duplicative or reflect an excessive amount of time spent on a task." *Southwest Fair Housing Council v. WG Chandler Villas SH LLC*, No. CV-19-00178-TUC-RM, 2023 WL 4421579 (D. Ariz. July 10, 2023) (quotations and citations omitted). As such, a district court is tasked with excluding hours which were not "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). This can occur where cases are overstaffed or the hours requested are excessive, redundant, or otherwise unnecessary. *Id.*

On May 11, 2023, Mr. Bugden billed 1.5 hours for "[r]eview[ing] and analyz[ing] all documents received from Mr. Wong[,] [and] [p]repar[ing] timeline of relevant legal events." Mot. for Attys.' Fees and Costs (Doc. 16), Exh. "C." The court find this duplicative and otherwise excessive. On May 10, 2023, Mr. Bugden "[r]eview[ed] documents received from [Mr. Wong]" and requested a timeline of relevant events. *Id.* The May 11th entry does not signify what, if any, new documents were reviewed from the previous day or why it was necessary to bill Mr. Wong for a timeline that he, the

client, likely prepared. The Court will strike this entry.

On May 12, 2023, Mr. Bugden billed 4.0 hours to draft the complaint, with sections including an introduction, the parties, jurisdiction, and general allegations. *Id.* The Court finds this entry excessive given that Mr. Mutz billed 2.0 hours to perform an initial review and revising the draft Complaint. Mot. for Attys.' Fees and Costs (Doc. 16), Exh. "C" (May 15, 2023 RJM entry). The Court will reduce Mr. Bugden's May 12th entry by 2.0 hours.

On May 15, 2023, Mr. Bugden billed 2.8 hours for "[f]inaliz[ing] first draft of Complaint." This is also duplicative of Mr. Mutz's May 15, 2023 entry. *Compare* Mot. for Attys.' Fees and Costs (Doc. 16), Exh. "C" (May 15, 2023 RJM entry billing 2.0 hours for reviewing and revising the Complaint). Between the May 12, 2023 and May 15, 2023, entries, and prior to the Court's reduction of the former, Mr. Bugden billed 6.8 hours to draft the Complaint and Mr. Mutz billed an additional 2.0 hours to make corrections. The Complaint is neither unique nor complex. Accordingly, the Court will also strike Mr. Bugden's May 15, 2023 entry of 2.8 hours.

On May 17, 2023, Mr. Bugden billed 0.5 hours to "[e]dit and revise [the] Complaint." Mot. for Attys.' Fees and Costs (Doc. 16), Exh. "C." On the same date, Mr. Mutz billed 2.5 hours performing a "critical review and revision of [the] draft Complaint." *See id.* Given the extensive amount of time Mr. Mutz spent on revisions, the Court finds Mr. Bugden's billing duplicative and otherwise excessive. As such, the Court will strike Mr. Bugden's 0.5 hour entry.

On May 19, 2023, Mr. Bugden billed 0.2 hours for "[r]eview[ing] email correspondence from Mr. Wong, including attachments." Mot. for Attys.' Fees and Costs (Doc. 16), Exh. "C." He also billed 0.8 hours for "[e]diting and revis[ing] draft of [the] Complaint, and sen[t] new version to Mr. Wong." *Id.* These entries followed Mr. Mutz's billing 0.2 hours for "[r]eview[ing] and respond[ing] to email from D. Wong regarding EliteMed and revisions to Complaint." *Id.* Further, on May 23, 2023, Mr. Mutz billed 1.2 hours for "[r]evis[ing] [the] Complaint to add claims for breach of implied covenants

related to employment agreements." *Id.* This entry is followed by 0.4 hours by Mr. Bugden for "[r]eview[ing], edit[ing], and revis[ing] [the] Complaint to prepare for filing. *Id.* The Court finds that the 1.4 hours billed by Mr. Bugden is duplicative of work by Mr. Mutz, or otherwise excessive. Therefore, the Court will reduce Mr. Bugden's May 19, 2023 entry by 0.5 hours and strike his May 23, 2023 entry in its entirety. This leaves 0.5 hours remaining for Mr. Bugden's May 19, 2023 entry.

On July 12, 2023, Mr. Bugden billed 0.7 hours for "draft[ing] and revis[ing] application for entry of default and affidavit." Mot. for Attys.' Fees and Costs (Doc. 16), Exh. "C." The application for entry of default is a single paragraph pleading and the affidavit consists of nine (9), single sentence, numbered paragraphs. *See* Appl. for Entry of Default (Doc. 10-1). The Court finds 0.7 hours is excessive, especially since Mr. Mutz billed 0.4 hours on the same date for reviewing and revising the application, and communicating regarding the same to Mr. Bugden, and Mr. Bugden has a second entry on the same date billing 0.1 hours for "[e]dit[ing] and revis[ing] application and affidavit[.]" Mot. for Attys.' Fees and Costs (Doc. 16), Exh. "C." Accordingly, the Court will strike 0.7 hours from Mr. Bugden's July 12, 2023.

On July 24, 2023, Mr. Bugden billed 1.5 hours for "[f]inaliz[ing] Motion for Entry of Default" and 0.4 hours for "preparing proposed Order Entering Default[.]"[4] Mot. for Attys.' Fees and Costs (Doc. 16), Exh. "C." Additionally, he billed 0.7 hours for "[e]dit[ing] and revis[ing] Motion for Entry of Default and Mr. Wong's Declaration. *Id.* On the same date, Mr. Mutz billed 1.1 hours for "[r]eview[ing] and revis[ing] Motion for Default Judgment and supporting documents." *Id.* The Court finds that Mr. Bugden's time is duplicative of Mr. Mutz. Furthermore, the proposed order filed by Mr. Bugden consists only of a brief introductory paragraph noting the pending motion and a list of nine (9) items which included the name of the statutes and the amounts Defendants allegedly owed Plaintiff. *See* Proposed Order (Doc. 12-3). The Court finds that 0.4

---

[4] This entry actually reflects time spent filing the motion for default judgment, as default had been entered by the Clerk of the Court on July 18, 2023. *See* Entry of Default (Doc. 11).

hours is excessive given the simplicity of the two-page proposed order. The Court further finds that Mr. Bugden's 0.7 hours is excessive for additional editing and revisions to the motion for default judgment. Accordingly, the Court will strike 2.3 hours from Mr. Bugden's July 24, 2023 entries.

On February 13, 2024, Ms. Brown billed 0.2 hours for "[d]iscuss[ing] and strategiz[ing] next steps in light of Magistrate Judge's Report and Recommendation." Mot. for Attys.' Fees and Costs (Doc. 16), Exh. "C." On the same date, Mr. Bugden billed 0.6 hours for "[r]eview[ing] and analyz[ing] Report and Recommendation issued by Judge Markovich (.4); Send email to Roscoe and Katie summarizing decision, and send email to Mr. Wong explaining decision and next steps (.2)." *Id.* The Court finds Ms. Brown's time is duplicative and reflective of overstaffing. While the discussion was likely a worthwhile learning opportunity for her, it should not be billed to the client. The Court will strike the 0.2 hours billed by Ms. Brown.

### 4. Initial Lodestar Following Reduction

The Court has also reviewed the itemization of fees for vagueness and improper block billing. No other non-compensable entrees were found. After the reductions discussed above, the total attorneys' fees sought equal $13,867.50. The individual time and totals are as follows:

| | |
|---|---|
| Roscoe J. Mutz (15.1 hours): | $6,115.50 |
| Tyler B. Bugden (21.7 hours): | $7,560.00 |
| Katie Brown (0 hours): | $0.00 |
| Leticia Wright (1.6 hours): | $192.00 |

### 5. Adjustments to the Lodestar

"Despite a 'strong assumption that the 'lodestar' method represents a reasonable fee,' *Corrales-Gonzalez v. Speed Auto Wholesalers LLC*, 2023 WL 3981139, at *7 (D. Ariz. June 13, 2023), the Court 'has discretion to adjust the lodestar upward or downward' based on the *Kerr* factors not subsumed in the lodestar calculation." *Ubinger v. Urban Housekeeping LLC*, No. CV-23-01802-PHX-ROS, 2024 WL 3045303, at *3 (D.

Ariz. June 18, 2024) (quoting *Stetson v. Grissom*, 821 F.3d 1157, 1166–67 (9th Cir. 2016)); *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (recognizing a district court's discretion to make adjustments to the lodestar). In making this assessment, the Court considers the preclusion of other employment by an attorney due to acceptance of the case; the novelty and difficulty of the question involved; time limitations imposed by a client or the circumstances; the amount in question and the results obtained; the experience, reputation and ability of the attorneys; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. *See Kerr*, 526 F.2d at 70; *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983); *Camacho v. Bridgeport Fin., Inc.* 523 F.3d 973, 982 n.1 (9th Cir. 2008); LRCiv. 54.2(c)(3).

### a. Preclusion of Other Employment

Mr. Mutz and Mr. Bugden argue that this case took time and research that could have been allocated to other clients. Mot. for Attys.' Fees and Costs (Doc. 16) at 5. The records do not support that they were significantly precluded from other work because of this representation. The Court finds this factor does not justify and adjustment to the lodestar.

### b. Novelty and Difficulty of the Claims

"This case involved a straightforward claim that comes reasonably often before this Court." *Ubinger v. Urban Housekeeping, LLC*, No. CV-23-01802-PHX-ROS, 2024 WL 3045303, at *2 (D. Ariz. June 18, 2024) (internal quotations omitted). The Court finds that this factor does not warrant an adjustment to the lodestar.

### c. Time Limitations

Plaintiff states that "[t]his case did not impose significant time limitations." Mot. for Attys.' Fees and Costs (Doc. 16) at 6. As such, this factor does not support an adjustment to the lodestar.

### d. Amount in Question and Results Obtained

"Where a plaintiff has obtained excellent results, his attorney should recover a

fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435–36 (1983). Plaintiff was successful in this litigation, and counsel is therefore entitled to fees earned on reasonably expended time spent to achieve that result.

### e. The Attorneys' Experience

The Court recognizes Mr. Mutz is an experienced and respected litigator, and Mr. Bugden has valuable clerkship experience. Their collective experience, however, does not warrant an adjustment to the lodestar.

### f. Desirability of the Case

Plaintiff asserts that the potential difficulty in collecting any judgment in this case makes it undesirable. Mot. for Attys.' Fees and Costs (Doc. 16) at 7. Plaintiff further argues that counsel took this case on a contingent fee basis, which demonstrates its undesirability. *Id.* The Court finds that although this factor supports an award of fees, it does not justify an adjustment to the lodestar amount.

### g. Nature and Length of Professional Relationship

"Counsel has represented Mr. Wong since April 2023," however, there is no evidence of any professional relationship prior to this litigation. Mot. for Attys.' Fees and Costs (Doc. 16) at 7. The Court finds that this factor does not support an adjustment to the lodestar.

### h. Awards in Similar Cases

Finally, the Court considers awards in similar cases. As it did in determining the reasonableness of counsels' requested hourly rate, the Court has reviewed recent FLSA, AWA, and AMWA cases in this district which were resolved on default judgment. In *Ubinger v. Urban Housekeeping LLC*, the court awarded counsel $10,769.00 for 24.2 hours at a $445.00 hourly rate. No. CV-23-01802-PHX-ROS, 2024 WL 3045303 (D. Ariz. June 18, 2024). In *Rodriguez v. D'Auto Boys LLC, et al.*, the court awarded counsel $5,530.00 for 14 hours at a $395.00 hourly rate. No. CV-22-01420-PHX-SMM (JZB), 2024 WL 1861247 (D. Ariz. Apr. 5, 2024), *report and recommendation adopted by* 2024 WL 1856557 (D. Ariz. Apr. 29, 2024). In *Xalamihua v. GGC Legacy Janitorial Svcs.*

*LLC*, the court awarded $5,806.50 in attorney's fees for 14.7 hours at a $395.00 hourly rate. No. CV-23-00009-TUC-BGM, 2024 WL 942101 (D. Ariz. Mar. 5, 2024). In *Jimenez v. Terrific Tree Trimmer, LLC*, the court awarded attorney's fees of $5,390.00 for 15.4 hours at $350.00 per hour. No. CV-22-01787-PHX-SPL, 2023 WL 4452077 (D. Ariz. July 11, 2023). In *Vazquez v. Johnson*, the court awarded counsel fees of $11,514.00 for 30.4 hours of work at $378.75. No. CV-22-01720-PHX-MTL, 2023 WL 4205126 (D. Ariz. June 27, 2023). In *Stamper v. Freebird Logistics Inc.*, the court awarded attorney's fees in the amount of $4270.00 for 12.2 hours at $350.00 per hour. No. CV-22-00155-PHX-MTL, 2022 WL 4448457 (D. Ariz. Sept. 23, 2022). In *Verduzco v. Value Dental Ctrs. Mesa West AZ LLC*, the court awarded $4,165.00 in attorney's fees for 11.9 hours of work at $350.00 per hour. No. CV-20-02380-PHX-DJH, 2022 WL 2718163 (D. Ariz. July 12, 2022). In *Coe v. Hirsch*, the court awarded attorneys' fees in the amount of $5,529.75 for 14.6 hours at $378.75 per hour. No. CV-21-00478-PHX-SMM (MTM), 2022 WL 508841 (D. Ariz. Jan. 21, 2022). In *Castro v. C & C Verde LLC*, the court awarded $4970.00 in attorneys' fees for 14.2 hours at $350.00 per hour. No. CV-18-04715-PHX-JZB, 2019 WL 13244383 (D. Ariz. Oct. 9, 2019).

Even after this Court's analysis of counsels' billing records, the $13,867.50 sought far exceeds the usual award in this district. This case was not unusually complicated and the record does not support an excessive award. The Court finds that this factor strongly supports a downward adjustment to the lodestar.

### i. Final Adjustment to the Lodestar

Based on the foregoing, the Court will apply a 25% reduction to the lodestar amount which results in a total fee award of $10,400.63. This is still greater than the majority of recent FLSA cases, but slightly less than the top dollar award.

### E. Costs

Successful FLSA and AMWA plaintiffs are entitled to reasonable costs. 29 U.S.C. § 216(b); A.R.S. § 23-364(G). Plaintiff has included a Bill of Costs seeking taxable costs in the amount of $700.54. Mot. for Attys.' Fees and Costs (Doc. 16), Bill of

Costs (Exh. "G"). Plaintiff's costs include the $402.00 filing fee, as well as $298.54 in fees for service of the summons and subpoena. *See id.* These costs are supported by the record and shall be awarded.

### III.  RECOMMENDATION

As noted, *supra*, General Order 21-25 directs this Court to prepare a Report and Recommendation to the appropriate designee in either Tucson or Phoenix/Prescott. Accordingly, this Report and Recommendation is directed to the Honorable Raner C. Collins.

For the reasons delineated above, the Magistrate Judge **RECOMMENDS** that the District Judge enter an order **GRANTING in part** and **DENYING in part** Plaintiff Derek Quen Wong's Motion for Attorneys['] Fees and Costs (Doc. 16).

**IT IS FURTHER RECOMMENDED** that Plaintiff be awarded $10,400.63 in attorneys' fees and $700.54 in costs.

**IT IS FURTHER RECOMMENDED** that the Court find Defendants jointly and severally liable for the payment of attorneys' fees and costs.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from Judge Collins.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

**IT IS FURTHER ORDERED that the Clerk of Court shall REFER this matter to the Honorable Raner C. Collins.**

Dated this 14th day of November, 2024.

Eric J. Markovich
United States Magistrate Judge